UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-344 (DWF/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Dimitric Timopkin Wilson, | |
| Defendant. | |

This matter came before the Court for a pretrial hearing on January 21, 2025. (Doc. No. 92.) The United States of America (the "Government") and Defendant filed several motions *in limine* on January 13, 2025. (Doc. No. 75, 79-82.) Based upon all submissions and arguments of counsel, and consistent with the Court's previous ruling from the bench, the Court hereby enters the following:

**ORDER**

1. The Government's motion *in limine* to sequester all potential witnesses, except for the Government's case agent, Michael Dieter, and the Defendant (Doc. No. [79]) is **GRANTED**. All other motions *in limine* contained with the Government's first submission (Doc. No. [79]) are **DENIED** as premature. Consistent with the Court's remarks from the bench, the Court will address any concerns on these issues as they come up by way of a Rule 104 offer of proof outside the presence of the jury.

2. The Government's motion *in limine* to admit statements as non-hearsay (Doc. No. [80]) is **GRANTED**. Investigator Cook's limited testimony about the origins

of his investigation is presumptively admissible, absent further Order of the Court, so long as it remains within the strict bounds discussed on January 21, 2025.

3. The Government's motion *in limine* to admit prior conviction under Federal Rule of Evidence 404(b) (Doc. No. [81]) is **DENIED**. Defendant's prior conviction shall be presumptively inadmissible absent further Order of the Court.

4. The Government's motion *in limine* to permit impeachment under Federal Rule of Evidence 609 (Doc. No. [82]) is **DENIED** as premature. Consistent with the Court's ruling above, Defendant's prior conviction shall be presumptively inadmissible absent further Order of the Court. In the event that Defendant testifies, and the Government intends to offer this conviction for impeachment purposes, the Government must request to make an offer of proof under Rule 104.

5. Defendant's motion *in limine* to exclude forensic reports and any expert's CV (Doc. No. [75]) is provisionally **GRANTED**, subject to the Court's review of the forensic reports. Although most forensic reports are technically inadmissible hearsay, *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321-22 (2009), the Court notes that information from the forensic reports is likely admissible in a summary chart pursuant to Rule 1006. The Government may request admission of such a summary chart pursuant to Rule 104.

6. Defendant's motion *in limine* to exclude Defendant's statements (Doc. No. [75]) is **DENIED**.

7. Defendant's motion *in limine* to sever Counts 1 and 2 (Doc. No. [75]) is **DENIED**.

8.  Defendant's motion *in limine* to exclude expert testimony (Doc. No. [75]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  Any testimony by the Government's expert about the following topics is presumptively inadmissible: (1) the effects, dangers, and lethality of fentanyl; and (2) that fentanyl may originate from Mexico or China.

    b.  All other expert testimony proffered by the Government is presumptively admissible, including testimony that touches on the issue of personal use amount.

9.  Defendant's motion *in limine* to strike surplusage (Doc. No. [75]) is **GRANTED**. The Court will strike the listed aliases from the indictment, as well as all jury instructions and the Court's voir dire questions.

10. Defendant's motion *in limine* to sequester all potential witnesses, except for one case agent for each party (Doc. No. [75]) is **DENIED AS MOOT**, given the Court's ruling above on the Government's identical motion.

Dated: January 22, 2025
                                       s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge