## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-344 (DWF/JFD) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Dimitric Timopkin Wilson, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Dimitric Timopkin Wilson's motion for new trial. (Doc. No. 141.) The United States of America opposes the motion. (Doc. No. 143.) For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

Wilson was charged with conspiracy to distribute fentanyl (Count 1), possession with intent to distribute fentanyl (Count 2), and distribution of fentanyl while on pretrial release (Count 3). (Doc. No. 111.) Prior to trial, Wilson filed a motion to sever Count 1 from Counts 2 and 3. (Doc. No. 127.) The Court denied that motion. (Doc. No. 131.) The Court held a four-day jury trial on Counts 1, 2, and 3. (Doc. Nos. 133-36.) Following the trial, the jury returned guilty verdicts on all three counts. (Doc. No. 140.) Wilson now moves for a new trial, arguing that the Court erred in denying his motion to sever and that error severely prejudiced him. (Doc. No. 141.)

## DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are generally "disfavored," and a court must exercise its authority "sparingly and with caution." *United States v. Broeker*, 27 F.4th 1331, 1335 (8th Cir. 2022) (quoting *United States v. Harriman*, 970 F.3d 1048, 1058 (8th Cir. 2020)). New trials are "reserved for exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Stacks*, 821 F.3d 1038, 1045 (8th Cir. 2016) (quoting *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015)).

Here, Wilson reraises the same arguments from his pretrial motion to sever. He argues that evidence of Counts 2 and 3 prejudiced his defense on Count 1. The Court previously found and maintains that the counts were properly joined under Rule 8 of the Federal Rules of Criminal Procedure. The Rule provides that counts are properly joined where the counts "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). All three counts involve fentanyl, and distribution of fentanyl in particular. Further, Count 1 alleged a conspiracy that covered the conduct involved in Counts 2 and 3. Therefore, the counts were properly joined.

Because the counts were properly joined, Wilson must demonstrate that he was severely prejudiced by the joinder of the counts. Severe prejudice means that "a defendant is deprived of an appreciable chance for an acquittal." *United States v. Garrett*,

648 F.3d 618, 625-26 (8th Cir. 2011) (quoting *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996)).  "[T]here is a strong presumption against severing properly joined counts."  *Id.* at 626 (quoting *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)).  Additionally, there is no prejudice where "evidence of one charge would have been admissible in the trial of the other."  *Id.*

The Court previously found and maintains that Wilson was not prejudiced by the joinder of the counts.  The timeframe described in Count 1 covers the conduct from Counts 2 and 3, so that conduct would be admissible to prove Count 1.  Any evidence relevant to Count 1 would be admissible in a trial on Counts 2 and 3 because it would tend to show intent to distribute.  The interests of justice do not require a new trial; therefore, the Court denies Wilson's motion.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Dimitric Timopkin Wilson's motion for new trial (Doc. No. [141]) is **DENIED**.

Dated:  June 11, 2025                               s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge